UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHANTA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-00821-B |
| | § | |
| SALLIE MAE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is the Defendant Sallie Mae, Inc.'s Motion to Dismiss and Brief in Support (doc. 3). For the reasons discussed below, the Motion is GRANTED.

## I.

## BACKGROUND

On March 31, 2009, Plaintiff Ashanta Davis , proceeding pro se, filed this lawsuit against Sallie Mae in the 191st Judicial District Court of Dallas County, Texas. (Notice of Removal, ¶ 1.) Defendant Sallie Mae was served with the complaint on April 8, 2009 and filed a timely notice of removal to this Court under federal question jurisdiction. (*Id.*) In her two page complaint, Davis lists several account numbers and seeks an order for "removal of all incorrect credit data." (Compl. at 1.) Davis alleges that Sallie Mae has "violated the US COURT OF APPEALS, NINTH CIRCUIT, No. 0015964[sic], Nelson vs. Chase Manhattan." (*Id.*) In the prayer for relief, Davis asks the Court to order that Sallie Mae "stop reporting all incorrect credit information" and "permanently remove all incorrect information from the files of Equifax, Transunion, Innovis, and Experian credit reporting services." (*Id.* at 2.) Davis alleges no further facts to support her claim. Sallie Mae filed

this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the Motion.

### III.

### LEGAL STANDARDS

**A.**     **Motion to Dismiss**

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has interpreted Rule 8(a)(2) as a requirement that pleadings have "facial plausibility." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a pleading fails to establish facial plausibility, a defendant may file a Rule 12(b)(6) motion to dismiss the claim. *See* FED. R. CIV. P. 12(b)(6); *id.* at *1.

When a federal court analyzes a motion to dismiss, it should limit its analysis to the pleading itself and any documents attached to the defendant's motion to dismiss that the pleading refers to and are central to the pleading's theme. *See S.E.C. v. Reynolds*, 2009 WL 1065403, at *4 (N.D. Tex. Apr. 17, 2009) (Boyle, J.). The court "accept[s] all well-pleaded facts as true, 'viewing them in the light most favorable to the plaintiff.'" *Id.* (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The facts must demonstrate that the plaintiff "is entitled to offer evidence to support his claim." *Id.* (quoting *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir. 1996)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). "Thus, a plaintiff will be given the opportunity to amend a complaint where it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is based." *Patel v. Pacific Life Ins. Co.*, 2009 WL 1456526, at *28 n.16 (N.D. Tex. May 22, 2009) (Boyle, J.).

**B.      Fair Credit Reporting Act**

The Ninth Circuit, in *Nelson v. Chase Manhattan Mortgage Corporation*, construes certain provisions of the Fair Credit Reporting Act ("FCRA") dealing with the duties of furnishers of information. 282 F.3d 1057, 1059–60 (9th Cir. 2002); 15 U.S.C. § 1681s-2(a) and (b). Section 1681s-2(a) sets forth the duty for furnishers of information to provide accurate information to a consumer reporting agency. 15 U.S.C. § 1681s-2(a). Section 1681s-2(b) sets forth the duties of furnishers of information once a consumer reporting agency gives the furnisher notice of a consumer's dispute over the completeness or accuracy of information provided by the furnisher to the consumer reporting agency. 15 U.S.C. § 1681s-2(b); *Nelson*, 282 F.3d at 1059.

In *Nelson*, the only law cited by Davis in her Complaint, the Ninth Circuit reaffirmed the well-settled principle that a consumer has no private right of action against a furnisher of information for violations of 1681s-2(a). *Nelson*, 282 F.3d at 1059; *see also* 15 U.S.C. § 1681s-2(c), (d); *Mendoza v. Experian Info. Solutions, Inc.*, No. Civ. A. H-02-2465, 2003 WL 2005832, at *3-*4 (S.D. Tex Mar. 25, 2003). As the Ninth Circuit noted in *Nelson*, "[t]here would be no doubt that a consumer could sue for a § 1681s-2(a) violation under sections 1681n & o were it not for §§ 1681s-2(c) and (d)." *Nelson*, 282 F.3d at 1059. Indeed, section 1681s-2(c) expressly states that the civil liability provisions of sections 1681n and o do not apply to violations of section 1681s-2(a), except for certain suits by States for damages. *Id.*; 15 U.S.C. § 1681s-2(c). Further emphasizing that no private right of action exists for violations of 1681s-2(a), section 1681s-2(d) provides that 1681s-2(a) "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section." *Id.*; 15 U.S.C. § 1681s-2(d). As such, it is clear that the FCRA prohibits a private right of action based upon alleged violations of 15 U.S.C. § 1681s-2(a), and limits the enforcement authority exclusively to state and federal government agencies. *See also Alam v. Sky Recovery Services*, 2009 WL 693170, at *4 (S. D. Tex., Mar. 13, 2009); *Carlson v. Trans Union LLC*, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003) (sections 1681s-2(c) and (d) prohibit private right of action under section 1681s-2(a)).

However, in *Nelson* the Ninth Circuit also held that Congress intended a private right of action against "any person," including a furnisher of information, for violations of section 1681s-2(b) of the FCRA, based on the plain language of the statute and the FCRA's legislative history. *Nelson*, 282 F.2d at 1060; *accord Mendoza*, 2003 WL 2005832, at *3. The Ninth Circuit noted that such a right of action would arise only after the furnisher of information had received a dispute regarding

the allegedly inaccurate information. *Nelson*, 282 F.2d at 1060; *Notley v. Sterling Bank*, No. 3:06-C-0536-G, 2007 WL 603411, at *1, *3 (N.D. Tex. Feb. 27, 2007).[1]

The Fifth Circuit has recognized the Ninth Circuit's holding in *Nelson*, but has expressly declined to address whether it agrees with the Ninth Circuit on whether there is a private right of action under 1681s-2(b). *Young v. Equifax Credit Information Services*, 294 F.3d 631, 639 (5th Cir.2002). However, the Fifth Circuit has stated in dicta that the FCRA appears to impose civil liability on "any person" violating a duty under 1681s-2(b). Thus, many federal courts in the Fifth Circuit have held that 1681s-2(b) creates a private right of action. *See Carlson*, 259 F.Supp. 2d at 519–20; *Mendoza*, 2003 WL 2005832, at *3-*4; *see also Alam*, 2009 WL 693170, at *4; *Davis v. Farm Bureau Bank, FSB*, No. SA-07-CA-967-XR, 2008 WL 1924247, at *3 n.5 (W.D. Tex. April 30, 2008); *Notley*, 2007 WL 603411, at *1, *3; *Thompson v. Homecomings Financial*, No. 2-05-cv-1800-L, 2005 WL 3534234, at *3 (N.D. Tex. 2005).

The Court recognizes that some district courts in the Fifth Circuit have held that a private right of action does not exist under section 1681s-2. *See Patterson*, 2008 WL 2596904, at *6 (citing *Wagner v. BellSouth Telecommunications*, No. 07-604-C, 2008 WL 348784, *3 (M.D.La. Feb.7, 2008); *but see Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517, 520 (N.D.Tex.2003)); *Lechner v. Citimortgage*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *5 (N.D. Tex. Jul 29, 2009). However, the

---

[1] The Ninth Circuit is not alone in holding that there is a private right of action for a violation of section 1681s-2(b). *See Peart v. Shippie*, No. 08-17270, 2009 WL 2435211, at *1 (11th Cir. August 11, 2009) (Section 1681s-2(b) "can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."); *Bach v. First Union Nat. Bank*, No. 04-3899, 149 F. App'x 354, 358-59 (6th Cir. Aug. 22, 2005); *see also Calloway v Green Tree Servicing, LLC*, 607 F.Supp.2d 669, 674 (D. Del. 2009) ("There is ... no provision removing 15 U.S.C. § 1681s-2(b) from the scope of the FCRA's private right of action. Accordingly, the court concludes, consistent with the majority of courts to have examined the issue, that a private right of action exists allowing "consumer[s]" to sue "person[s]" for violations of 15 U.S.C. § 1681s-2(b).").

Court notes that these cases address 1681s-2 generally. Neither of these cases contains an in-depth discussion of 1681s-2, nor do the cases make any distinction between 1681s-2(a) and 1681s-2(b). It is well-settled that no private right of action exists under 1681s-2(a), but the Court declines to extend that prohibition to 1681s-2(b) as well.[2]

While a furnisher of information may have liability for violations of 1681s-2(b), it is clear that any liability for alleged violation of 1681s-2(b) does not arise until a consumer reporting agency reports an inaccuracy to the furnisher and the furnisher fails to correct the error. *See e.g. Young*, 294 F.3d at 639-40; *Patterson*, 2008 WL 2596904, at *6; *Davis*, 2008 WL 1924247, at *3. Such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b). *Davis*, 2008 WL 1924247, at *3; 15 U.S.C. § 1681s-2(b)(1).

### III.

### ANALYSIS

The Court notes initially that Davis's Complaint contains little, if any, facts regarding her claim. She simply lists several account numbers, cites a case which construes provisions under the Fair Credit Reporting Act, and asks the Court to issue an order granting relief. Davis does not cite any statute as a basis for relief, but simply alleges a "violation" of *Nelson*, which discusses the Fair Credit Reporting Act provisions set forth above. To the extent that Davis is asserting a claim for relief for a violation of 15 U.S.C. § 1681s-2(a), her claim fails as a matter of law because there is no

---

[2] The Court further notes that in *Patterson*, while dismissing the plaintiff's claim for violations of the FCRA for failure to state a claim, the district court stated that "even if Patterson has a private right of action, he has not sufficiently pleaded that a consumer reporting agency reported an inaccuracy, and that the furnisher of the information failed to correct it." *Patterson*, 2008 WL 2596904, at *6. Therefore, the district court's dismissal of Patterson's claim did not rest solely on its determination that no private right of action existed under section 1681s-2. *See id.*

private right of action against Sallie Mae as a "furnisher of information" for a violation of section 1681s-2(a). *See Nelson*, 282 F.3d at 1059; *Mendoza*, 2003 WL 2005832, at *3-*4.

On the other hand, the Court holds that a private right of action against a furnisher of information does exist for violations of 15 U.S.C. § 1681s-2(b). While the Fifth Circuit has not yet decided this issue, many district courts in the Fifth Circuit, as well as some circuit courts, have agreed with *Nelson* in holding that a private right of action does exist for violations of 15 U.S.C. § 1681s-2(b). *See, e.g., Carlson*, 259 F.Supp. 2d at 519–20; *Mendoza*, 2003 WL 2005832, at *3-*4; *see also Peart v. Shippie*, No. 08-17270, 2009 WL 2435211, at *1; *Bach*, 149 F. App'x 354, 358-59; *Alam*, 2009 WL 693170, at *4. The Court agrees with the reasoning in *Nelson* and comes to the same conclusion. *See Nelson*, 282 F.3d at 1059. Because there is a private right of action under section 168s-2(b), the Court will not dismiss Davis's claim *with prejudice*, as urged by Sallie Mae.

However, it is clear that any liability for a violation of section 1681s-2(b) would not arise unless Sallie Mae had been notified of an inaccuracy and failed to correct the error. *See Young*, 294 F.3d at 639-40; *Davis*, 2008 WL 1924247, at *3. Here, Davis does not provide any facts to indicate whether any dispute with regard to the allegedly erroneous information has been raised with the consumer reporting agency. As such, the complaint fails to state a claim under the only provision discussed in *Nelson* that would allow a private right of action against Sallie Mae. *See Young*, 294 F.3d 631; *Patterson*, 2008 WL 2596904, at *6; *Davis*, 2008 WL 1924247, at *3. Simply put, at no point does Plaintiff's bare-bones complaint provide a short and plain statement of her claims enabling that would enable Sallie Mae to respond and mount a defense, as required by Rule 8(a) (2). *See* FED. R. CIV. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1949. There are not enough facts pleaded to meet the basic requirements for stating a claim and Davis has failed to state a claim for relief for violations of the

FCRA. However, as these deficiencies may possibly be cured by re-pleading, the court will allow Davis an opportunity to amend the complaint. *See Patel v. Pacific Life Ins. Co.*, 2009 WL 1456526, at *28 n.16.

Furthermore, by requesting in the prayer for relief that the Court "order" Sallie Mae to stop reporting information and to "remove" incorrect information, it appears that Davis seeks injunctive relief. However, the Fifth Circuit has unequivocally held that injunctive relief is not available to private litigants under the FCRA. *See Washington v. CSC Credit Services*, 199 F.3d 263, 268 (5th Cir. 2000); *McDonald v. Equifax, Inc.*, No. 3:08-cv-0547-B, 2009 WL 5156690, at *1-*2 (N.D. Tex., Dec. 8, 2008) (Boyle, J.) ("The courts are limited to enforcing the liability created in the statute, which limits the liability for a private right of action under the FCRA to damages, not declaratory relief."). The FCRA's civil liability provisions "expressly refer to damages and attorney fees without mentioning injunctive relief." *Washington*, 199 F.3d at 268). Therefore, to the extent that Davis seeks injunctive relief under the FCRA, such claims fail as a matter of law.

## IV.

## CONCLUSION

The Court **GRANTS** Sallie Mae's Motion to Dismiss Davis's claims. As to any claims asserted by Davis arising under 15 U.S.C. 1681s-2(a) and any claims for injunctive relief for violations of the Fair Credit Reporting Act, the claims are **DISMISSED WITH PREJUDICE.**

As to any claims arising under 15 U.S.C. §1681s-2(b), the claims are **DISMISSED WITHOUT PREJUDICE**. However, the Court gives Davis **leave to file an amended pleading** correcting the pleading deficiencies noted in the discussion above **within fourteen (14) days of this**

**Order**. Should Davis fail to file an amended pleading in this case within the deadline noted above, the case will be closed.

      **SO ORDERED.**

      **SIGNED August 18, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE